IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATHAN BERNARD MARTIN,      )
                            )
          Plaintiff,        )
                            )
                            )      CIV-09-193-HE
v.                          )
                            )
PATRICIA PRESLEY, et al.,   )
                            )
          Defendants.       )

## REPORT  AND  RECOMMENDATION

Plaintiff, a former pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983.[1]  In his Complaint filed February 18, 2009, Plaintiff asserts Eighth and Fourteenth Amendment deprivations by Defendant Presley, who is identified as the Oklahoma County Court Clerk, Defendant Smith, who is identified as a Deputy Court Clerk for Oklahoma County, and the Oklahoma County Court Clerk's Office. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Having conducted a review of the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B), the undersigned recommends that the cause of action be dismissed without prejudice upon filing for failure

---

[1]After Plaintiff filed this action and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), Plaintiff notified the Court through a notice of change of address filed March 3, 2009, in another pending action, Martin v. Whetsel, Case No. CIV-08-1223, that he had been released from the Oklahoma County Detention Center.  At the direction of the undersigned, Plaintiff filed a second application for leave to proceed *in forma pauperis*, and the application was granted with the condition that Plaintiff file monthly reports of his financial status showing he is qualified to continue to litigate this matter as a pauper.

to state a claim for relief under 42 U.S.C. § 1983.

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. At 1974.  In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but

2

not "conclusory allegations" to be true. <u>McBride v. Deer</u>, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted).  A *pro se* plaintiff's complaint must be broadly construed under this standard. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Plaintiff alleges in the Complaint that he has requested Defendants provide him with copies of unidentified "transcripts" in two court proceedings, which are described only as "cases [sic] # CF-07-4271 and case # CF-07-3864."   Plaintiff alleges that "even after Plaintiff has filed a 'Motion of Discovery'" Defendants have "willfully and unlawfully" refused to send or have delayed sending the requested "transcripts" to the Plaintiff.  Plaintiff also alleges that "Defendants has [sic] sent the Plaintiff 2 different summary reports with conflicting information about both case numbers, Case # CF-07-4271 and # CF-07-3864."

Public records of the Oklahoma County District Court reflect that Plaintiff was charged in Case No. CF-2007-3864 with two counts of the felony offense of Robbery with a Dangerous Weapon (counts one and two) and one count of the felony offense of Committing an Assault with a Dangerous Weapon While Masked (count three). http://www.oscn.net (Docket sheet in <u>State of Oklahoma v. Nathan Bernard Martin</u>, Case No. CF-2007-3864, accessed March 30, 2009).  Counts two and three of the information were dismissed on November 28, 2007, at the request of the State of Oklahoma, and with respect to count one Petitioner was acquitted in a jury trial on February 24, 2009.  Oklahoma County

District Court public records reflect that in Case No. CF-2007-4271 the State of Oklahoma dismissed the criminal charges filed against Plaintiff in that case on November 14, 2007, for lack of prosecutorial merit. http://www.oscn.net (Docket sheet in State of Oklahoma v. Nathan Bernard Martin, Case No. CF-2007-4271, accessed March 30, 2009). Thus, Plaintiff has not been convicted of any offense in these two criminal proceedings, and any constitutionally-protected right to a trial transcript for the purpose of pursuing a direct appeal is not implicated. Cf. Griffin v. Illinois, 351 U.S. 12 (1956)(recognizing right of indigent criminal defendant to copy of trial transcript for appellate review proceeding); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992)("On direct appeal, a trial transcript is an absolute matter of right for an indigent criminal defendant.").

Plaintiff alleges that the Eighth Amendment's cruel and unusual punishment clause and the Fourteenth Amendment's equal protection clause provide the constitutional foundations for his claims. Plaintiff is not imprisoned.[2] Nor has he sued a prison official. Consequently, the Eighth Amendment provides no constitutional footing for this action. See Lopez v. LeMaster, 172 F.3d 756, 759 n. 2 (10th Cir. 1999)("Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment.").

With respect to the Fourteenth Amendment's equal protection clause, Plaintiff must allege that he was treated differently from similarly situated individuals. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Plaintiff states only that "Defendants are

---

[2]See fn. 1 supra.

4

sending other inmates their court transcripts." This conclusory statement is not sufficient to show that similarly situated persons were treated differently. <u>Jennings v. City of Stillwater</u>, 383 F.3d 1199, 1209-1214 (10th Cir. 2004)(recognizing class-of-one plaintiff must "provide a specific and detailed account of the nature of the preferred treatment of the favored class").

To the extent the Complaint can be generously construed to assert a deprivation of Plaintiff's right of access to the courts during his pretrial detention, <u>see</u> <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977)(holding "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law"), Plaintiff "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." <u>Treff v. Galetka</u>, 74 F.3d 191, 194 (10th Cir. 1996). <u>See also</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996)(requiring that "the alleged shortcomings" in prison library or legal assistance program actually "hindered [inmate's] efforts to pursue a legal claim").  Plaintiff has not alleged any actual injury as a result of any action by Defendants.  Moreover, Plaintiff has not alleged that he needs the requested materials either (1) to directly or collaterally attack a sentence or sentences or (2) to challenge the conditions of his confinement. <u>Lewis</u>, 518 U.S. at 355 (guarantee of right of access to the courts requires prisons to provide inmates with tools "need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement"). Therefore, Plaintiff has failed to state a claim upon which relief under 42 U.S.C. § 1983 may be granted, and his cause of action should be summarily dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action against Defendants be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 22nd___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __1st___ day of ___April___, 2009.

GARY M. PURCELL

UNITED STATES MAGISTRATE JUDGE